IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                               CASE NO.: 3:19cr18DPJ-LRA-005

TIMOTHY GRIFFIN                                                          DEFENDANT

**MEMORANDUM IN SUPPORT OF GRIFFIN'S MOTION TO SUPPRESS with AUTHORITY**

COMES NOW, Timothy Griffin and by and through undersigned counsel, and files his Memorandum in Support of Griffin's Motion to Suppress with Authority, and in support thereof, would show unto the Court the following to wit:

I.  *Facts & Procedural History*

On or about January 25, 2019, Griffin was indicted with four other defendants in a ten-count indictment. Two of those counts (1 & 9) charged that Griffin conspired with others to possess with intent to distribute methamphetamine in violation 21 U.S.C. §§841(a)(1)(A), 846. Specifically, the government alleges that on June 17, 2018, Griffin conspired with others to possess with intent to distribute methamphetamine.

Based upon a wiretap of co-defendant Elbert Silas' phone, law enforcement intercepted numerous phone calls. On June 17, 2018, Griffin's phone conversations with defendant Silas totaled no more than five – over a 24-hour period.  There was not a wiretap on Griffin's phone. On the same day, after 10:00 p.m., law enforcement had a visual surveillance on co-defendant Silas' resident located at 510 Raymond Road, Jackson, Mississippi. Additionally, law enforcement knew that co-defendant Silas drove a white Honda. Law enforcement observed a blue GMC pull in and park in the driveway of 510 Raymond Road. Driving the white Honda, co-defendant pulled into the same driveway. Also, law enforcement parked in the same driveway. Law enforcement commanded Griffin out of his vehicle, "secured" Griffin and "confirmed" Griffin was not in possession of any weapons.

One officer, Task Force Officer (TFO) Chapa requested Griffin's consent to search Griffin's vehicle, blue GMC. Griffin refused to allow TFO Chapa to search his vehicle. Nonetheless, TFO Chapa

searched Griffin's vehicle. While conducting an unlawful warrantless search, TFO Chapa recovered under a back-rear seat a plastic bag containing a crystal-like substance. To be clear, on June 17, 2018, Griffin was never arrested but was allowed to leave in his blue GMC truck. Importantly, during Griffin's detention hearing on April 8, 2019, TFO Chapa testified to the above-mentioned facts. *Griffin's Detention Hearing Transcript hereto as Exhibit*.

## II.     *Applicable Law*

The Fourth Amendment of the Constitution protects individuals for unlawful and warrantless searches and seizures of their persons and property: "The right of the people to be secure in their persons, houses, papers, and effects,[a] against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Warrantless searches and seizures are *per se* unreasonable. United States v. Oliver, 630 F.3d 397, 405 (5th Cir. 2011) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).

" '[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " Arizona v. Gant, 556 U.S. 332, 338, 129 S.Ct. 1710, 1716, 173 L.Ed.2d 485 (2009) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A few exceptions to warrantless searches are: consent granted, incident to a lawful arrest, exigent circumstances or vehicles in motion. Therefore, the burden is on the government to establish that there existed an exception to the requirement of warrant.

Under the automobile exception, law enforcement officers are permitted to stop and search a vehicle without a warrant based upon probable cause to believe that the vehicle contains contraband and that there exist exigent circumstances. "Probable cause is determined by examining the totality of the circumstances." United States v. Fields, 456 F.3d 519, 524 (5th Cir. 2006) (citing Illinois v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

In <u>Fields</u>, law enforcement received information from a confidential informant that Fields was selling drugs. <u>United States v. Fields</u>, 456 F.3d at 520. Law enforcement set up a visual surveillance of Fields. *Id.* at 521. Law enforcement noted that Fields drove a black Impala. *Id.* Over the course of the surveillance, law enforcement observed that Fields making drug transactions based upon multiple times Fields left in and out of his duplex to meet number of people in vehicles. *Id.* "Fields would shake their hands and then the occupants of the cars would leave. [Officer] concluded that Fields was engaging in narcotics transactions." *Id.* After his last transaction, the officers observed that Fields made three trips into his duplex carrying out on separate occasions: a black bag, an electronic device and a cooler. *Id.* Fields placed all three items in his black Impala. *Id.* Eventually, Fields left his duplex, driving away in his black Impala. *Id.* Thereafter, law enforcement began to follow Fields in his black Impala. At some point, Fields committed a traffic violation - running a stop sign. *Id.* Law enforcement attempted to stop Fields however, Fields did not stop but increased his speed. *Id.* After crashing his black Impala, Fields attempted to flee on foot but was captured and arrested by law enforcement. *Id.* Without a search warrant but upon Fields' arrest and a subsequent search of Fields' black Impala, law enforcement recovered a firearm and drugs in the black bag and cooler. *Id.*

Fields contended that his 4th Amendment rights to be protected from unlawful warrantless search and seizure. Fields argued that those items seized from his vehicle should suppress because the items were evidence of illegal search. "Under the fruit of the poisonous tree doctrine, all evidence derived from the exploitation of an illegal search," . . . "must be suppressed, unless the Government shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation." <u>United States v. Beene</u>, 818 F.3d 15, 165 (5th Cir. 2016) (quoting <u>United States v. Cotton</u>, 722 F.3d 271, 278 (5th Cir.2013)).

In <u>Fields</u>, the Fifth Circuit determined that the automobile exception existed to allow law enforcement to search Fields' black Impala based upon probable cause of the totality of the circumstances that contrabands were in the vehicle. In part of its reasoning, the <u>Fields</u> court stated that law enforcement had probable cause to believe that Fields' automobile contained contraband based upon confidential source

and visual surveillance of drug activity. U.S. v. Fields, 456 F.3d at 523. Also, the Fields court reasoned that law enforcement had probable cause to search Fields' vehicle after Fields violated traffic law – speeding and causing a crash. The court in Fields determined that based upon the totality of circumstances, the warrantless search of Fields' vehicle was lawful under the automobile exception.

### III. Application

Griffin asserts that law enforcement violated his 4th Amendment right to be protected from unlawful warrantless search and seize of his person and property. Griffins states that the law enforcement did not have probable cause to search his vehicle. Moreover, there does not exist any exception to warrantless search of his vehicle.

TFO Chapa testified that "basis of the stop" was based upon a wiretap. *Transcript at 29-30*. To be clear, the wiretap was as to co-defendant Silas' phone Also, TFO Chapa testified that he did not have permission to search Griffin's vehicle but he had probable cause. However, TFO Chapa's probable cause stemmed from audio recordings of co-defendant Silas' phone. Indeed, law enforcement was only aware of alleged criminal activity of co-defendant Silas. Law enforcement only observed alleged criminal activity of co-defendant Silas, including his residence and his home.

Unlike in Fields, Griffin's person and property were never under surveillance. In contrast, law enforcement had a wiretap on co-defendant Silas' phone. There was never any surveillance of Griffin making drug transactions. Moreover, prior to June 17, 2019, there was never any surveillance of Griffin with Silas. Moreover, law enforcement did not have any independent information, not even for a confidential source, of any drug activity in. " '[A]pplying the totality-of-the-circumstances analysis . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work.' " United States v. Fields, 456 F.3d at 524 (quoting United States v. Vega, 221 F.3d 789, 799 n. 26 (5th Cir.2000)).

Moreover, Griffin was parked in driveway of a residence. Griffin did not commit any traffic violations. Griffin's vehicle was parked in a driveway. Griffin and his vehicle were unknown to law enforcement. Nonetheless, Griffin was ordered out of his car. After being searched for weapons, Griffin

was "secured" but never arrested. While sitting in his parked vehicle, Griffin had an expectation of privacy. In contrast, "the fact that Fields crashed his car after a police chase does not increase his privacy interest in his vehicle." "An essential element to a successful challenge of a search or seizure on Fourth Amendment grounds is the existence of a legitimate expectation of privacy." United States v. Fields, 456 F.3d at 524 (quoting United States v. Salvucci, 448 U.S. 83, 92-93, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)).

"[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable search under that Amendment." United States v. Finley, 477 F.3d 250, 259 (5th Cir. 2007). "The Fifth Circuit has held that an inventory search 'is reasonable and not violative of the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or dispute over lost or stolen property, and (3) protecting the police from danger.' " United States v. Deleon, 2015 Wl7583139 (U.S.D.C., S.D. Tex. 2015) (quoting United States v. McKinnon, 681 F.3d 203, 209 (5th Cir. 2012) (quoting United States v. Lage, 183 F.3d 374, 380 (5th Cir. 1999)).

Griffin was searched for weapons but no weapons were found on his person. Nonetheless, Griffin's vehicle was searched. After his vehicle was searched, Griffin was never arrested and he was allowed to leave in his vehicle. There was no exception to conduct an inventory search because Griffin's vehicle was not involved in any traffic violation, accident, dispute or danger to law enforcement.

*Conclusion*

For the foregoing reasons, Griffin respectfully requests that this Court grants his Motion to Suppress in violation of his constitutional right under the Fourth Amendment.

Respectfully submitted this the 26th day of June, 2019.

/s/ T. Murry Whalen
T. Murry Whalen, MSB No. 100618

THE WHALEN FIRM

P.O. Box 23222
Jackson, MS 39225
601.209.9195 *phone*
866.702.2304 *fax*

CERTIFICATE OF SERVICE

I, T. Murry Whalen, the attorney for Timothy Griffin, hereby certify that on the 26th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to all parties of record to the electronic mail address on file with the clerk.

s/ T. Murry Whalen
T. Murry Whalen