UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.    CRIMINAL NO. 3:19-CR-18-DPJ-FKB

TIMOTHY GRIFFIN

ORDER

Defendant Timothy Griffin seeks compassionate release under 28 U.S.C. § 3582(c). For the reasons below, the Court concludes that his motion [307] should be denied.

I.   Facts and Proceedings Below

After he was indicted on multiple counts of possessing methamphetamine with intent to distribute [3], Griffin took a plea deal [182] and in August 2020 was sentenced to a bottom-of-the-guideline-range 262 months in prison followed by five years of supervised release [203]. He moved for compassionate release in December 2023, and the Government responded [311]. Griffin did not reply.

II.   Standard

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a

>   reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Provided that the exhaustion requirement is met, a defendant

>   is eligible for a sentence reduction if the district court finds: (1) that one of the two conditions set forth in Section 3582(c)(1)(A) is met (here, it must find that "extraordinary and compelling reasons warrant such a reduction"); and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." [18 U.S.C. § 3582(c)(1)(A)]. If the district court makes those two findings, then the court "may" reduce the defendant's sentence "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable." *Id*. The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction. *See, e.g., United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

*Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The defendant carries the burden to show entitlement to relief. *Id*. at 361.

IIII.   Discussion

Griffin argues that he meets the § 3582(c)(1)(A)(i) requirement of showing "extraordinary and compelling reasons" for a sentence reduction. Having studied his motion and the Government's response, the Court finds that the Government's summary is accurate:

>   Griffin's grounds for compassionate release are (1) his mother's health is failing, (2) he has not seen or been involved in his young daughters' lives, (3) he has completed several rehabilitation programs while in custody, (4) he suffers from high blood pressure and anxiety due to being away from his family, and (5) his sentence was unduly harsh.

Resp. [311] at 5.

The Court need not reach those grounds. Under § 3582(c)(1)(A), Griffin must show that he "fully exhausted all administrative rights to appeal" before seeking modification from the Court. Griffin claims he did and references the "Administrative Relief Packet 'A.'" Mot. [307] at 12. But he neither attached that document to his motion nor replied when the Government denied receiving an administrative request for compassionate release. Resp. [311] at 5. The

2

Government filed its response January 11, 2024, so Griffin has now had over a month to reply and provide evidence that he exhausted his claim—he has not.

The burden is on Griffin to show that he exhausted his administrative remedies. *United States v. Jenkins*, No. 3:12-CR-21-DPJ-LRA, 2020 WL 3086250, at *1 (S.D. Miss. June 10, 2020) (citing *United States v. Davis*, No. 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020) (collecting cases)). His assertion that he did exhaust his remedies fails to meet that burden because it is unsupported in the record. *United States v. Rogers*, No. CR 3:15-00058-01, 2023 WL 5186863, at *1 (W.D. La. Aug. 11, 2023) (denying relief and noting that defendant failed to provide evidence that he exhausted administrative remedies). Finally, courts are not allowed to overlook the exhaustion rule, at least where (as here) the Government raises it in opposition. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

IV.   Conclusion

The Court has considered all arguments. Any not addressed here would not have changed the outcome. Griffin's motion [307] is denied without prejudice for failure to exhaust his remedies with the Bureau of Prisons.

**SO ORDERED AND ADJUDGED** this the 15th day of February, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE